UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIHUA HARRIS,<br>    Plaintiff,<br><br>vs.<br><br>LISA R. HOLMES,<br>BRUCE SMITH<br>    Defendants. | COMPLAINT AND<br>JURY DEMAND |

## INTRODUCTION

This is a case sounding in tort.  Plaintiff Aihua Harris's arrest by Officers Holmes and Smith was unfounded and the subjugation of Plaintiff to a strip search under this arrest was moreover unnecessary and unlawful.

## PARTIES

1.     Plaintiff Aihua Harris is an individual residing at 74 Georgia Street, Unit 3, Dorchester, Massachusetts.

2.     Defendant Lisa R. Holmes is a Boston Police Officer whose domicile is presently unknown but whose place of business address is 135 Dudley Street, Roxbury, Massachusetts.

1

3.     Defendant Bruce Smith is a Boston Police Officer whose domicile is presently unknown but whose place of business address is 135 Dudley Street, Roxbury, Massachusetts.

## JURISDICTIONAL STATEMENT

The complaint alleges violations of 42 U.S.C. s. 1983. Thus, there is "federal question jurisdiction" pursuant to 28 U.S.C. s. 1331. Additional counts are joined per Rule 18 and the doctrine of pendant or supplemental jurisdiction United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## FACTS COMMON TO ALL COUNTS

1.     On or about July 3, 2008, Plaintiff, Aihua Harris, resided at 74 Georgia Street, #3, Dorchester, Massachusetts.

2.     Plaintiff would from time to time rent a unit that she would offer to the public as a "vacation rental."

3.     The promotion of this rental unit was openly done on the internet.

4.     At no point in time was Plaintiff operating a bed & breakfast.

5.     At approximately 2:00 p.m. on July 3, 2008, Defendants, Sergeant Lisa Holmes and Officer Bruce Smith, approached Plaintiff at her home.

6.     Defendants Holmes and Smith accused Plaintiff of running an illegal bed & breakfast.

7.     Plaintiff denied committing any crime.

8.     Plaintiff offered to show Defendants her licenses.

9.     The Defendants became loud and verbally abusive.

2

10.   Plaintiff asked that the officers leave her home.

11.   In response to this reasonable demand that was wholly within her right to request, Defendant

Holmes grabbed Ms. Harris and forcefully placed her in handcuffs causing Plaintiff injury.

12.   Plaintiff was brought to the police station and booked.

13.   At some point, Plaintiff asked to use the bathroom.

14.   Defendant Holmes brought Plaintiff to the bathroom and conducted a strip search.

15.   Plaintiff remained at the police station for approximately four (4) hours.

16.   Plaintiff was ultimately charged with being a disorderly person and failure to submit to a

police officer.

17.   Plaintiff was forced to obtain counsel to defend these false, frivolous and malicious charges,

and expended the sum of three thousand dollars ($3,000.00).

18.   Ultimately, Plaintiff's counsel persuaded a judge that the charges were groundless.  The

charges were dismissed with prejudice.

<u>**COUNT ONE**</u>**:**
<u>**VIOLATION OF 42 U.S.C. § 1983 v. ALL INDIVIDUAL DEFENDANTS**</u>

19.   Ms. Harris repeats and realleges each and every allegation above stated as though such

allegations were set forth herein.

20.   By engaging in the conduct described above, the individual defendants deprived Ms. Harris

of clearly established and well settled constitutional rights while acting under color of law.

Specifically, the defendants deprived Ms. Harris of rights secured and guaranteed to her by

the United States Constitution including, but not limited to, her Fourth Amendment right to

be free from unlawful seizure of her person and her Fifth and Fourteenth Amendment rights

3

to due process of law, including but not limited to her right to be free from arrest without probable cause, and the right to be free from "malicious prosecution."

21.   Further, the wrongful acts were undertaken with grossly reckless disregard of Plaintiff's constitutional rights.

22.   Each of the defendants together and the individual defendants in civil action, engaged in a conspiracy to deprive Ms. Harris of her rights, privileges and immunities as guaranteed and protected by the Constitution of the United States in violation of the provisions of 42 U.S.C. § 1983.

23.   As a result of the defendants' violations of Ms. Harris's civil rights, she suffered a loss of freedom, loss of enjoyment of life and extreme emotional distress and was otherwise damaged.

24.   The above constitutes violations of 42 U.S.C. § 1983 et seq.

**COUNT TWO:**
**CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983**

25.   Ms. Harris repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

26.   By having engaged in the conduct described above, the Defendants conspired to deprive Ms. Harris of the equal protection of the law or of the equal privileges and immunities under the law, and they acted in furtherance of the conspiracy, which resulted in the injury to Ms. Harris described above, in violation of 42 U.S.C. § 1983.

**COUNT THREE:**
**VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT**

4

27.    Ms. Harris repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

28.    By engaging in the conduct described above, including threats, intimidation and coercion, the defendants interfered with and deprived Ms. Harris of her exercise and enjoyment of her civil rights secured under the laws of the Commonwealth of Massachusetts, in violation of Massachusetts General Laws Chapter 12, § 11I.

29.    As a direct and proximate result of the defendants' violations of M.G.L. c. 12, §11I, Ms. Harris suffered the injuries described above.

## COUNT FOUR:
## FALSE IMPRISONMENT

30.    Ms. Harris repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

31.    On or about July 3, 2008, Ms. Harris was unlawfully and intentionally confined against her will, without right or privilege.  This was the direct result of the unlawful conduct of the defendants, jointly and severally.

32.    As a direct and proximate result of the acts described above, the plaintiff was falsely imprisoned, deprived of her liberty, and therefore, was damaged.

## COUNT FIVE
## MALICIOUS PROSECUTION

33.    Ms. Harris repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

34.    Defendants improperly instituted criminal proceedings against Plaintiff by initiating Plaintiff's arrest without probable cause.

5

35.   The defendants did so with malice and without probable cause motivated in part by a desire to justify their intrusive actions against Ms. Harris.

36.   The criminal prosecution of Ms. Harris was legally and finally terminated in her favor.

37.   As a result of their acts and omissions in causing the institution and continuation of proceedings against Ms. Harris, Defendants proximately caused her great damage.

### COUNT SIX:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38.   Ms. Harris repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

39.   The intentional and or grossly reckless actions described above attributable to each defendant, jointly and severally were outrageous and beyond the scope of common decency.

40.   The intentional and or grossly reckless actions described above attributable to each defendant, caused the plaintiff to suffer great emotional distress.


### PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff Aihua Harris respectfully requests that this Honorable Court:

1.   Use its fullest equitable powers to order the individual Defendants:

   a.   to use only reasonable force in the performance of their police duties;

   b.   to intervene when excessive force is used by other police officers in the course of an arrest or incarceration;

6

    c.      to report to superiors the use of, and injuries caused during the use of, excessive force;

    d.      to write complete and truthful police reports;

    e.      to summon medical attention when injury occurs as a result of force used by a police officer.

2.      Order judgment in Plaintiff's favor in such amount as will fully compensate him for his injuries to the greatest extent allowed by law.

3.      Order such punitive damages as are allowed by law.

4.      Order payment of interest, costs and attorneys fees.

5.      Order such further relief as this Court deems fair and just.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,
Plaintiff,
AIHUA HARRIS,
By her attorneys,

Dated: August 20, 2009

/s/
Robert S. Sinsheimer, BBO#464940
Lauren Thomas, BBO#667973
Sinsheimer & Associates
92 State Street, 9th Floor
Boston, MA 02114
(617) 722-9954

7